Receipt number AUSFCC-10084238

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANNE F. DAY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 24-2088 L |

**COMPLAINT**

Pursuant to Rules of the Court of Federal Claims ("RCFC") 3, Plaintiff states the following in support of her Complaint:

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) ("Tucker Act"), in that this action presents a claim against the United States which is founded upon the Constitution and statutes of the United States.

**STATUTES AND CONSTITUTIONAL PROVISIONS**

2. Plaintiff's claim is governed by the following statutes and constitutional provision:

(a) The Fifth Amendment to the United States Constitution, which provides, "No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

(b) National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d).

(c) The Tucker Act, 28 U.S.C. § 1491(a) ("Tucker Act") which provides in relevant part, "The United States Court of Federal Claims shall have jurisdiction to render judgment on any claim against the United States founded upon the Constitution."

(d) The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000), provides that just compensation includes, "reasonable

costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

**STATEMENT OF FACTS APPLICABLE TO ALL COUNTS**

3. Norfolk Southern Railway Company ("NSR") formerly owned an easement for railroad purposes between milepost W 26.0 +/- to milepost W 57.3 +/- (the "right-of-way"), a distance of approximately 31.3-mile rail line in Henderson and Polk Counties, North Carolina and Greenville and Spartanburg Counties, South Carolina.

4. On October 31, 2024, NSR filed an Abandonment Exemption with regard to this right-of-way. *Norfolk Southern Railway Company – Abandonment Exemption – In Henderson and Polk Counties, North Carolina and Greenville and Spartanburg Counties, South Carolina*, STB Docket No. AB-290 (Sub-No. 415X) (filed October 31, 2024), attached as **Exhibit 1**.

5. On December 2, 2024, The Saluda Grade Trails Conservancy requested the federal Surface Transportation Board ("STB") issue a Notice of Interim Trail Use or Abandonment ("NITU"). *See Norfolk Southern Railway Company – Abandonment Exemption – In Henderson and Polk Counties, North Carolina and Greenville and Spartanburg Counties, South Carolina,* STB Docket No. AB-290 (Sub-No. 415X) (filed December 2, 2024), attached as **Exhibit 2**.

6. On December 19, 2024, the STB issued a NITU for the right-of-way. *See Norfolk Southern Railway Company – Abandonment Exemption – In Henderson and Polk Counties, North Carolina and Greenville and Spartanburg Counties, South Carolina,* Certificate of Interim Trail Use or Abandonment, STB Docket No. AB-290 (Sub-No. 415X) (decided December 18, 2024), attached as **Exhibit 3**.

7. The National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act"), provides, "in the case of interim use of any established railroad rights-of-way pursuant to

donation, transfer, lease, sale, or otherwise in a manner consistent with this chapter, if such interim use is subject to restoration or reconstruction for railroad purposes, *such interim use shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes."*

8. The United States Supreme Court in *Preseault v. United States*, 494 U.S. 1 (1990) (*Preseault I*), held that Congress possessed the constitutional authority to enact the Trails Act and to take Plaintiff's property for conversion to a public-access recreational trail and preservation of a railroad easement for a possible future railroad corridor.

9. However, the Supreme Court in *Preseault I*, and the Federal Circuit sitting *en banc* in *Preseault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996) (*Preseault II*), held that the Fifth Amendment to the United States Constitution requires the United States to pay the property owners for the value of that property taken by operation of Section 8(d) of the Trails Act.

10. The Federal Circuit in *Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), and *Barclay v. United States*, 443 F.3d 1368 (2006), held that claims for compensation arise upon the date that the Surface Transportation Board issued the NITU.

11. Under North Carolina, NSR possessed only an easement for railroad purposes over Plaintiff's land; and that easement has been long-abandoned for such purposes under North Carolina law.

12. But for the NITU, Plaintiff would have had the exclusive right to physical ownership, possession, and use of her property free of the railroad easement upon abandonment of the use of that easement for railroad purposes.

13. Creating a public-access recreational trail across Plaintiff's property and appropriating a new easement for possible future railroad use has taken from Plaintiff the value of

the land physically appropriated for this trail corridor and greatly diminished the value of the Plaintiff's property adjoining this trail corridor.

14. Compensation for this taking is due from the federal government, not NSR or The Saluda Grade Trails Conservancy. *See Preseault, II*, 100 F.3d at 1531("Finally, we conclude that the taking that resulted from the establishment of the recreational trail is properly laid at the doorstep of the Federal Government").

**THE PARTIES**

**A. Plaintiff**

***Anne F. Day***

15. Anne F. Day owned land adjacent to the former railroad right-of-way on December 19, 2024. The Day property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

**B. Defendant**

16. The United States of America is the defendant. The federal government took this North Carolina owner's land for a public recreational trail and railbanking by an order of the federal Surface Transportation Board invoking section 8(d) of the federal Trails Act.

**SPECIFIC CLAIM FOR RELIEF**

**COUNT ONE**

**A Claim For "Just Compensation" For The Physical Taking of Plaintiff's Property Subject to the NITU**

17. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 – 16 of her Complaint.

18. The actions of the United States have resulted in a physical taking of Plaintiff's property without just compensation in violation of the Fifth Amendment to the United States Constitution.

**COUNT II**

**A Claim for Reimbursement of Attorneys' Fees and Litigation Expenses Pursuant to the Uniform Relocation Act**

19. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 18 of her Complaint.

20. The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. 4654(c) (URA) (Pub. L. 91-646; 84 Stat. 1894), requires the federal government to reimburse this owner's "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

21. Plaintiff has incurred, or will incur, those costs and expenses which the URA requires the federal government to reimburse.

**SPECIFIC RELIEF REQUESTED**

Plaintiff respectfully requests a judgment in her favor as follows:

22. Awarding Plaintiff the full fair-market value of the property taken by the government on the date it was taken (including any "severance damages" suffered by Plaintiff in loss of value to Plaintiff's remaining property not actually physically taken but affected by the taking);

23. Compensation for the delay between the date of the government's taking of Plaintiff's property (which is the date of the original NITU according to the Federal Circuit's opinion in *Caldwell v. United States*, 319 F.3d 1226 (Fed. Cir. 2004)) and the actual date when the government finally pays "just compensation" to Plaintiff;

24. Paying Plaintiff's costs and attorneys' fees incurred pursuant to The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §4654(c) (2000) which provides that just compensation includes, "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

25. Such further relief as this Court may deem just and proper.

Date: December 19, 2024

Respectfully submitted,

/s/ *Lindsay S.C. Brinton*

Lindsay S.C. Brinton
Meghan S. Largent
LEWIS RICE LLC
600 Washington Avenue
Suite 2500
St. Louis, Missouri 63101-1311
(314) 444-7723
(314) 612-7723(fax)
lbrinton@lewisrice.com
mlargent@lewisrice.com

***Attorneys for Plaintiff***