# EXHIBIT 3

52388  SERVICE DATE – DECEMBER 19, 2024
DO

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

Docket No. AB 290 (Sub-No. 415X)

NORFOLK SOUTHERN RAILWAY COMPANY—ABANDONMENT EXEMPTION—
IN HENDERSON AND POLK COUNTIES, N.C.,
AND GREENVILLE AND SPARTANBURG COUNTIES, S.C.

Decided:  December 18, 2024

Norfolk Southern Railway Company (NSR) has filed a verified notice of exemption pursuant to 49 C.F.R. part 1152, subpart F—Exempt Abandonments to abandon an approximately 31.3-mile rail line extending from approximately milepost W 26.0 +/- to approximately milepost W 57.3 +/- in Henderson and Polk Counties, N.C., and Greenville and Spartanburg Counties, S.C. (the Line).[1]  Notice of the exemption was served and published in the Federal Register on November 20, 2024 (89 Fed. Reg. 91,870).  The exemption is scheduled to become effective on December 20, 2024.

The Surface Transportation Board's (Board) Office of Environmental Analysis (OEA) served a Draft Environmental Assessment (Draft EA) on November 25, 2024, recommending that one condition be imposed on any decision granting abandonment authority.  OEA explained that the South Carolina Department of Transportation (SCDOT) submitted comments with several questions relating to the maintenance and safety of remaining at-grade crossings if abandonment is authorized.  Accordingly, OEA recommended a condition requiring that NSR consult with SCDOT regarding its concerns.

Comments on the Draft EA were due by December 10, 2024.  OEA served its Final Environmental Assessment (Final EA) on December 16, 2024.  The Final EA notes that no new comments were received, and OEA therefore continues to recommend that the condition recommended in the Draft EA be imposed.

---

[1] On December 18, 2024, the Brotherhood of Railroad Signalmen (BRS) filed a comment stating that, while BRS does not oppose abandonment of the Line, it notes its "opposition to the loss of work" and asks the Board to recognize that future abandonments may adversely affect the workforce.  The notice of exemption served and published on November 20, 2024, imposed, as a condition to NSR's exemption, the employee protective conditions under Oregon Short Line Railroad—Abandonment Portion Goshen Branch Between Firth & Ammon, in Bingham & Bonneville Counties, Idaho, 360 I.C.C. 91 (1979).  BRS does not question the sufficiency of the Oregon Short Line conditions.

Docket No. AB 290 (Sub No. 415X)

On December 2, 2024, the Saluda Grade Trails Conservancy, Inc. (Saluda), filed a request for issuance of a notice of interim trail use or abandonment (NITU) under the National Trails System Act, 16 U.S.C. § 1247(d), to establish interim trail use/railbanking on the Line. On December 13, 2024, NSR responded that it is willing to negotiate toward an interim trail use agreement.[2]

Interim Trail Use. Saluda's request for a NITU complies with the requirements of 49 C.F.R. § 1152.29, and NSR has indicated that it is willing to negotiate an agreement for interim trail use with Saluda. Therefore, a NITU will be issued. The parties may negotiate an agreement during the one-year period prescribed below. If an interim trail use agreement is reached (and thus, interim trail use is established), the parties shall jointly notify the Board within 10 days that an agreement has been reached. 49 C.F.R. § 1152.29(d)(2) & (h). If no agreement is reached within one year, NSR may fully abandon the Line, subject to any outstanding conditions. See 49 C.F.R. § 1152.29(d)(1). Use of the right-of-way for trail purposes is subject to possible future reconstruction and reactivation of the right-of-way for rail service.

This decision, and the proposed abandonment if implemented as conditioned, will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. The notice served and published in the Federal Register on November 20, 2024, exempting the abandonment of the Line described above, is modified to the extent necessary to implement interim trail use/railbanking as set forth below to permit the parties to negotiate for interim trail use for the rail line, for a period of one year from the service date of this decision and notice, until December 19, 2025.

3. The abandonment is also subject to the following condition:[3] NSR shall consult with SCDOT regarding its concerns about maintenance and safety of at-grade crossings.

---

[2] In certain parts of its request, Saluda refers to negotiations between NSR and "the City," which is not identified or defined. (Saluda Trail Use Request 2.) However, elsewhere the request clearly identifies Saluda as the trail sponsor, and the representations in the required statement of willingness are made by Saluda. Moreover, NSR's consent to negotiate indicates that it has been in negotiations with Saluda.

[3] If an interim trail use agreement under 16 U.S.C. § 1247(d) and 49 C.F.R. § 1152.29 were to be reached for the Line (or a portion thereof), compliance with this condition would not be required with respect to any portion of the Line covered by the interim trail use agreement for the duration of the agreement.

Docket No. AB 290 (Sub No. 415X)

      4. If an interim trail use/railbanking agreement is reached, it must require the trail sponsor to assume, for the term of the agreement, full responsibility for: (i) managing the right-of-way; (ii) any legal liability arising out of the transfer or use of the right-of-way (unless the sponsor is immune from liability, in which case it need only indemnify the railroad against any potential liability); and (iii) the payment of any and all taxes that may be levied or assessed against the right-of-way.

      5. Interim trail use/railbanking is subject to possible future reconstruction and reactivation of the right-of-way for rail service and to the trail sponsor's continuing to meet its responsibilities for the right-of-way described in paragraph 4 above.

      6. If an interim trail use/railbanking agreement is reached (and thus, interim trail use/railbanking is established), the parties shall jointly notify the Board within 10 days that an agreement has been reached. See 49 C.F.R. § 1152.29(d)(2), (h).

      7. If interim trail use/railbanking is implemented, and subsequently the trail sponsor intends to terminate trail use on all or any portion of the right-of-way covered by the interim trail use/rail banking agreement, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

      8. If an agreement for interim trail use/railbanking is reached by December 19, 2025, interim trail use/railbanking may be implemented. If no agreement is reached, NSR may fully abandon the Line, subject to any outstanding conditions.

      9. This decision and notice is effective on its service date.

      By the Board, Scott M. Zimmerman, Acting Director, Office of Proceedings.